

# The Attorney General of Texas

December 13, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Carlos D. Godinez, M.D.
President
Texas State Board of
 Medical Examiners
P. O. Box 13562, Capitol Station
Austin, Texas   78711

Opinion No. JM-244

Re:  Whether the Texas State
Board of Medical Examiners may
use hearing examiners to conduct
hearing of contested cases and
to draft proposals for decisions
therein

Dear Dr. Godinez:

You inform us that the Texas State Board of Medical Examiners
wishes to utilize hearing examiners to conduct hearings of contested
cases presented before the board. You also inform us that the board
is presently conducting disciplinary hearings before the entire
fifteen member board. You wish to utilize hearing examiners as an
alternative to your present method as a more cost effective procedure.
In that regard you ask:

> Do the Medical Practice Act and the
> Administrative Procedure and Texas Register Act
> empower the Texas State Board of Medical Examiners
> to utilize hearing examiners to conduct hearings
> in contested cases and to draft proposals for
> decisions therein as more fully described in
> section 15 of the Administrative Procedure and
> Texas Register Act?

The state of Texas has adopted the general rule that where a
statute permits an administrative authority to delegate the taking of
evidence to less than the whole number, to a single member, or to an
examiner for this purpose, a hearing before such delegate is not a
denial of due process. See Colorado County Federal Savings and Loan
Assn. v. Lewis, 493 S.W.2d 723, (Tex. Civ. App. - Austin 1973, writ
ref'd n.r.e.); Attorney General Opinion M-687 (1970) (Texas Water
Rights Commission has implied power to utilize examiners under article
7542a, V.T.C.S.); see also 2 Am. Jur. 2d Administrative Law, §407, p.
217-218 (1974); Annot. 18 A.L.R.2d 606 (1951).

Article 4495b, section 4.05(a), V.T.C.S., the Medical Practice
Act, provides:

> (a) All hearings conducted under this sub-chapter by the board shall comply with the provisions of the Administrative Procedure Act and the board's rules. **The board may delegate the authority to conduct hearings under this sub-chapter to a hearing committee comprised of not less than three members appointed by the board. The composition of such committee shall be consistent with the provisions of Sections 2.08 and 2.09 of this Act. Any individual or individuals conducting a hearing under this subchapter are empowered to administer oaths and receive evidence at the hearing and shall report the hearing as prescribed by board rules.** (Emphasis added).

Thus, the legislature has authorized the Texas State Board of Medical Examiners to delegate their duty to conduct contested cases in disciplinary matters to a hearing committee composed of not less than three members. See Cobra Oil & Gas Corp. v. Sadler, 447 S.W.2d 887, (Tex. 1969). The legislature specified that the hearing committee must be composed of board members. We are of the opinion that the legislature did not authorize the board to delegate the function of conducting disciplinary hearings in contested cases to persons other than members of the board. Of course, the hearing committee must also comply with the provisions of sections 13 and 15 of article 6252-13a, V.T.C.S.

## S U M M A R Y

Article 4495b, section 4.05(a), V.T.C.S., does not authorize the Texas State Board of Medical Examiners to delegate their duty to conduct contested cases in disciplinary matters to a single hearing examiner.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton